UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALBEIRO ROPERO REMOLINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00024-MPB-MG |
| | ) | |
| SANDRA SALAZAR Immigration Customs Enforcement and Removal Operations Chicago Field Office Director, in her official capacity, | ) ) ) | |
| SHAWN BYERS Deputy Immigration Customs Enforcement Field Office Director, in his official capacity, | ) ) ) | |
| BRISON SWEARINGEN Clay County Sheriff, in his official capacity, | ) ) | |
| MARCOS CHARLES Acting Executive Associate Director, Enforcement and Removal Operations, in his official capacity, | ) ) ) | |
| TODD LYONS Acting Director, Immigration Customs Enforcement, in his official capacity, | ) ) | |
| MADISON SHEAHAN Deputy Director, Immigration Customs Enforcement, in her official capacity, | ) ) ) | |
| KRISTI NOEM Secretary of the Department of Homeland Security, in her official capacity, | ) ) | |
| PAM BONDI Attorney General of the United States, in her official capacity, | ) ) | |
| DONALD J. TRUMP President of the United States, in his official capacity, | ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Albeiro Ropero Remolina is detained at the Clay County Jail in Brazil, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 28. For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on February 4, 2026**, Respondents

1

must either: (1) afford Mr. Ropero Remolina an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ropero Remolina from custody under reasonable conditions of supervision.

## I.     Background

Mr. Ropero Remolina is a native of Venezuela. Dkt. 14 at 5. He entered the United States on or about May 29, 2024, surrendered to DHS officials immediately upon entry expressing fear of return, was released from custody under his own recognizance within approximately two days under authority granted in § 1226(a), and was placed in removal proceedings under section 240 of the Immigration and Nationality Act ("INA") between May 29th and May 30th to pursue his asylum claim. Dkt. 1 at 12. DHS issued a Notice to Appear on May 30, 2024. Dkt. 1-1 at 2. His next Master Calendar Hearing is scheduled for January 30, 2026. Dkt. 16 at 7. On December 29, 2025, Mr. Ropero Remolina was arrested by ICE officers as part of "Operation Midway Blitz." Dkt. 1 ¶ 1. A "Warrant for Arrest of Alien" commanding immigration officers to take Mr. Ropero Remolina into custody was signed the same day. Dkt. 14-1 at 1.

The Notice to Appear charges Mr. Ropero Remolina with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 1-1 at 2. The "arriving alien" checkbox is unmarked. *Id.*

On January 16, 2026, an Immigration Judge (IJ) denied Mr. Ropero Remolina's request for a custody redetermination, stating that the court lacked jurisdiction over the question of bond. Dkt. 16-1 at 1.

2

## II. Discussion

Mr. Ropero Remolina claims that his current detention violates the INA (Count I), applicable bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 79-89. He also requests attorney's fees and costs under the Equal Access to Justice Act in the event that he prevails. *Id.* ¶ 90. Respondents argue that Mr. Ropero Remolina's petition is premature; that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); and that his detention is constitutional. Dkt. 14.

The Court finds that Mr. Ropero Remolina's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded an individualized bond hearing. Because Mr. Ropero Remolina is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

### A. Exhaustion

Respondents argue that Mr. Romero Remolina's claims are premature because he has not sought relief before the Board of Immigration Appeals ("BIA"). Dkt. 14 at 6. Mr. Ropero Remolina argues that it is futile to attempt to exhaust his administrative remedies because the BIA has already directly addressed the issue of his statutory qualification for bond in *Matter of Yajure Hurtado*. Dkt. 16 at 13.

Respondents do not cite a statute requiring Mr. Ropero Remolina to appeal the immigration judge's decision before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter*

*of Yajure Hurtado*'s holding. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Ropero Remolina was not required to exhaust administrative remedies because doing so would be futile.

### B. Eligibility for Bond

Mr. Ropero Remolina contends that the government's authority to detain him derives from 8 U.S.C. § 1226(a), which states, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [P]ending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on [. . .] bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or [. . .] conditional parole.

The government, however, argues that they are authorized to detain him by § 1225(b)(2)(A), which states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" for a removal proceeding.

Mr. Ropero Remolina bases his petition on the proposition that § 1225 does not apply to his arrest and detention. He maintains that the government released him on his own recognizance under § 1226 and that he remained subject to § 1226 when it redetained him in December.

4

The government argues that § 1225 applies because Mr. Ropero Remolina's asylum application and this present habeas action demonstrate that he is "seeking admission" since he "appears to want to stay in the United States and is not agreeing to immediately depart to Venezuela." Dkt. 14 at 12.

Since the BIA issued *Yajure Hurtado*, the federal courts have issued dozens of opinions in habeas actions by detainees claiming to be subject to § 1226 but who the government insists are subject to mandatory detention under § 1225. Respondents argue that Mr. Ropero Remolina is an "applicant for admission" according to *Homeland Security v. Thuraissigiam*, 591 U.S. 103, 118–19 (2020), which held that a noncitizen apprehended 25 yards from the border and seeking admission was not entitled to habeas relief. Dkt. 14 at 12. But *Thuraissigiam* is legally and factually distinct from the petition. The *Thuraissigiam* Court makes the distinction clear:

> While aliens who have established connections in this country have due process rights in deportation proceedings, the Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause. Respondent attempted to enter the country illegally and was apprehended just 25 yards from the border. He therefore has no entitlement to procedural rights other than those afforded by statute.

591 U.S. at 118-119. (internal citations omitted). In contrast to the *Thuraissigiam* petitioner, Mr. Ropero Remolina has resided within the United States since 2024, and he was arrested in Chicago, not mere yards from the territorial border.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens who have lived in the interior of the United States for years. *See Tellez Leon v. Crowley*, No. 2:25-cv-561-MPB-MG, at 7 (S.D. Ind. Nov. 15, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a

5

recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Id.* at 6-12. Respondents have cited no binding precedent to the contrary. The Court has previously found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise unpersuasive.[1] *See, e.g. id.* at 9.

In addition to the statutory interpretation above, the Respondents' own actions and their representations to Mr. Ropero Remolina demonstrate that his detention is governed by § 1226, and detention pursuant to § 1225 is, therefore, incorrect.

If Mr. Ropero Remolina was an applicant for admission by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) when it initially apprehended him. It did not do so. Instead, it released him on his own recognizance. In such cases, § 1226 is the only basis for release. Under § 1225, the government could only remove him or detain him pending review by an asylum officer. The fact that the government released Petitioner on his own recognizance is strong evidence that he is subject to § 1226 rather than § 1225.

"[T]he Government has affirmatively decided to treat" Mr. Ropero Remolina "as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that [he

---

[1] The government offers a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

is] detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *see also Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Perez Fuentes v. Swearingen*, No. 2:25-cv-565-MPB-MKK, at 7 (S.D. Ind. Nov. 25, 2025).

Mr. Ropero Remolina also contests his continued detention on Fifth Amendment Due Process and regulatory grounds. Because he is entitled to habeas corpus relief on the grounds discussed above, however, the Court reserves judgment on these additional claims.

**C. Scope of Relief**

Mr. Ropero Remolina is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Ropero Remolina requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 28. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Ropero Remolina's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### III. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on February 4, 2026**, Respondents must either: (1) provide Mr. Ropero Remolina with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ropero Remolina from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on February 9, 2026**, Respondents must file documentation certifying that they have provided Mr. Ropero Remolina with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Mr. Ropero Remolina, then they must file documentation certifying his release.

Mr. Ropero Remolina's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Dated: January 27, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel